UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANNA LUZ LEON,

      Plaintiff,

v.                               Case No. 8:19-cv-1346-T-SPF

ANDREW M. SAUL,
Commissioner of the Social
Security Administration,

      Defendant.

_____/

**ORDER**

Plaintiff seeks judicial review of the denial of her claim for disability insurance benefits ("DIB").  As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.      Procedural Background**

Plaintiff filed an application for DIB on February 29, 2016 (Tr. 202–03).  The Commissioner denied Plaintiff's claim both initially and upon reconsideration (Tr. 95–103, 104–18).  Plaintiff then requested an administrative hearing (Tr. 131–32).  Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 71–94).  Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claim for benefits (Tr. 19).  Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied

(Tr. 1–3).  Plaintiff then timely filed a complaint with this Court (Doc. 1).  The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II.    Factual Background and the ALJ's Decision

Plaintiff, who was born in 1963, claimed she became disabled on May 17, 2013 (Tr. 74, 219).  Plaintiff obtained an eleventh-grade education and then earned her GED (Tr. 75).  Plaintiff has past relevant work experience as a bank teller (Tr. 18).  Plaintiff alleged disability due to ulcerative colitis, back problems, leg problems, and bowel problems (Tr. 224).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2016 and had not engaged in substantial gainful activity since May 17, 2013, the alleged onset date (Tr. 14).  After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: obesity; diabetes mellitus; C4 to C6 disc degeneration with moderate C6 radiculopathy, but without fractures or stenosis; left ankle distal ligament dysfunction with pes planus valgus; and L4 to L5 grade I anterolisthesis with mild stenosis  (Tr. 14).  Notwithstanding, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 15).  The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") "to perform light work as defined in 20 CFR 404.1567(b), except with no more than frequent climbing, balancing, kneeling and crouching; no more than occasional stooping, crawling and climbing ladders, scaffolds, ropes or at unprotected heights; [she] must avoid extreme

vibrations; and overhead reaching with the upper extremities is limited to frequent" (Tr. 15). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 16). Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could perform her past relevant work (Tr. 18). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 19).

### III.  Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R.

§§ 404.1520, 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. §§ 404.1520(a), 416.920(a).  Under this process, the ALJ must determine, in sequence, the following:  whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform her past relevant work.  If the claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education, and work experience.  20 C.F.R. §§ 404.1520(a), 416.920(a).  A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## IV.   Analysis

Plaintiff argues the ALJ erred by (1) finding Plaintiff's ulcerative colitis impairment to be non-severe, and (2) assigning little weight to the opinion of treating physician Dr. Joseph Williams, MD ("Dr. Williams"). For the reasons that follow, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

### A. Whether the ALJ erred by finding Plaintiff's ulcerative colitis impairment to be non-severe

Plaintiff argues that the ALJ erred by failing to find Plaintiff's ulcerative colitis a severe impairment. The ALJ recognizes Plaintiff's ulcerative colitis as a medically cognizable impairment but categorizes it as non-severe (Tr. 14). Plaintiff contends her colitis is a severe impairment as she is unable to maintain adequate functioning "on a regular and continuous basis" due to her need to use the restroom up to six to seven times per day due to bowel movements (Doc. 15 at 26). Plaintiff testified her colitis was the

5

main reason she cannot work because of these frequent restroom trips (Tr. 84–85, Doc. 15 at 27).

At step two of the sequential evaluation process, a claimant must show that he or she suffers from an impairment or combination of impairments that significantly limits his or her physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1521, 416.920(a)(4)(ii), 416.921. An "impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Schink v. Commr. of Soc. Sec.*, 935 F.3d 1245, 1265 (11th Cir. 2019). An ALJ need only find that the applicant has a single severe impairment to satisfy step two. *See Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014) ("there is no need for an ALJ to identify every severe impairment at step two"). However, an ALJ is required to consider Plaintiff's severe and non-severe impairments at the following steps of the evaluation process. *See Schink,* 935 F.3d at 1268 ("Consideration of all impairments, severe and non-severe, is required when assessing a claimant's RFC").

Here, the ALJ found Plaintiff suffered from the severe impairments of obesity; diabetes mellitus; C4 to C6 disc degeneration with moderate C6 radiculopathy, but without fractures or stenosis; left ankle distal ligament dysfunction with pes planus valgus; and L4 to L5 grade I anterolisthesis with mild stenosis (Tr. 14). These findings satisfy the step two inquiry. *See Tuggerson-Brown,* 572 F. App'x at 951. Further, the ALJ's finding that Plaintiff's ulcerative colitis is a non-severe impairment is supported by substantial evidence. The record shows that Plaintiff had colitis for over twenty years (Tr. 15).

During most of this time, however, she maintained significant gainful employment (Tr. 15). Moreover, Plaintiff's medical records between 2014 and 2018 demonstrate that her colitis was generally controlled with medication, with Plaintiff often admitting to less diarrhea and urgency, and stating on three occasions that it had actually subsided (Tr. 15, 322, 326, 330, 334, 342, 348). During this time, Plaintiff refused a colonoscopy, then put it off for a year (Tr. 15). Plaintiff never received acute treatment and managed her condition through medication and some dietary changes (Tr. 15). Overall, the evidence fails to demonstrate any functional limitation arising out of her medical condition. *See McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986) ("the 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work"). As a result, the Court finds no error in the ALJ's step two analysis.

Even if the ALJ erred by finding Plaintiff's colitis a non-severe impairment, such error is harmless because the ALJ considered Plaintiff's colitis at step four of the sequential evaluation process. *See Burgin v. Comm'r of Soc. Sec.*, 420 F. App'x 901, 903 (11th Cir. 2011) (stating that even where the ALJ's finding that an impairment is not severe at step two is considered error, such error is harmless if "the ALJ considered all of [the] impairments in combination at later steps in the evaluation process."). In assessing Plaintiff's RFC, the ALJ considered Plaintiff's colitis complaints, but found that her statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record (Tr. 16). Plaintiff's medical records do not identify any functional limitations due to colitis that should have been considered by the ALJ or were not otherwise incorporated into the

ALJ's RFC determination.  Particularly, the medical records indicate that no doctor, treating or otherwise, placed limitations on Plaintiff's functioning due to ulcerative colitis (Tr. 322, 326, 330, 334, 342, 348, 531).  Given that the ALJ considered all medically determinable impairments severe and non-severe in assessing Plaintiff's RFC and articulated good cause for not incorporating functional limitations due to colitis in the RFC (Tr. 15-18), any error at step two is harmless.

### B. Whether the ALJ erred by assigning little weight to the opinion of Plaintiff's treating physician Dr. Williams

Next, Plaintiff argues that Dr. Williams' opinion establishes work-preclusive limitations not accounted for in the ALJ's RFC.  In evaluating an individual's disability claim, an ALJ "must consider all medical opinions in a claimant's case record, together with other relevant evidence."  *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 962 (11th Cir. 2015)[1] (citing 20 C.F.R. § 404.1527(b)).[2]  An ALJ has wide latitude to evaluate the weight of the evidence and there is "no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision."  *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005).  Instead, the ALJ's decision must reflect that he has considered the medical evidence as a whole and that substantial evidence supports his conclusions.  *Id.* (citing *Foote v. Chater*, 67 F.3d 1553, 1558 (11th Cir. 1995)).

---

[1] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.
[2] These regulations were amended effective March 27, 2017, after Plaintiff filed his applications.  *See* 20 C.F.R. § 404.1520c.  The amendments do not apply to Plaintiff's claim.

When a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, that statement is considered a medical opinion. Under the regulations, the opinions of examining physicians are generally given more weight than non-examining physicians, treating more than non-treating physicians, and specialists more than non-specialist physicians. *See* 20 C.F.R. §§ 404.1527(c)(1)-(5), 416.927(c)(1)-(5). A court must give a treating physician's opinions substantial or considerable weight unless "good cause" is shown to the contrary. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The regulations recognize that treating physicians "are likely to be the medical professionals most likely to provide a detailed, longitudinal picture of . . . medical impairment." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). But the opinion of a one-time examining doctor merits no such deference. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004) (citing *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987)).

When weighing medical opinions, the ALJ must consider various factors, including: (1) the length of the treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship; (3) how much relevant evidence supports the opinion; (4) how consistent the opinion is with the record; and (5) whether the physician is a specialist making opinions about an area within his specialty. 20 C.F.R. §§ 404.1527(c)(2)–(6), 416.927(c)(2)-(6); *see Davis v. Comm'r of Soc. Sec.*, 449 F. App'x. 828, 832 (11th Cir. 2011) ("these factors apply to both examining and [non-examining] doctors"). In the Eleventh Circuit, the ALJ must state with particularity the weight he assigns to a medical opinion and why. *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176,

1178-79 (11th Cir. 2011).  This "explanation requirement applies equally to the opinions of treating physicians and non-treating physicians."  *McClurkin*, 625 F. App'x at 962. Otherwise, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

Dr. Williams, a neurologist, treated Plaintiff for pain management three to four times a year from 2015 to 2017 (Tr. 311–12, 376–77, 398, 432–33, 471–73).  Dr. Williams completed a spinal questionnaire in June 2016 (Tr. 434–39).  In this questionnaire, Dr. Williams included Plaintiff's diagnosis of lumbar and cervical stenosis and opined that Plaintiff could only sit for one to two hours per day and stand or walk for less than an hour per day (Tr. 434–35).  Dr. Williams also opined that Plaintiff's pain would require her to take unscheduled breaks and that she would miss work more than three times a month (Tr. 438–39).  The ALJ assigned significant weight to Dr. Williams's diagnoses regarding lumbar and cervical stenosis (Tr. 18).  However, the ALJ rejected Dr. Williams's statements that Plaintiff's pain would require her to take unscheduled breaks and miss work more than three times a month, and that she was limited to less than two hours of sitting per day (Tr. 18).  According to the ALJ, Dr. Williams's functional limitations were not "supported by the medical record, including [Dr. Williams's] his own treatment records" (Tr. 18.)

Substantial evidence supports the ALJ's decision to partially discount Dr. Williams's opinion.  Although Dr. Williams's explanation of Plaintiff's diagnoses of

lumbar and cervical stenosis is supported by Magnetic Resonance Images (MRIs), an Electromyography (EMG), and Nerve Conduction Velocity (NCV) studies (Tr. 18, 516-17, 478, 484), his assertion of Plaintiff's functional limitations arising out these impairments has no similar support.  Notably, Dr. Williams's treatment notes briefly mention neck and back pain, but also say that she is doing well on her medication (Tr. 311–12, 376, 398).  Similarly, the medical findings in Dr. Williams's spinal questionnaire show that despite Plaintiff's impairments she suffered no sensory loss, trigger points, reflexes change, muscle weakness, muscle atrophy, motor loss, or swelling (Tr. 437).  Overall, Dr. Williams's medical findings, including those noted in his spinal questionnaire, fail to support the degree of functional limitations stated in his opinion.[3]

Dr. Williams's opinion is also inconsistent with Plaintiff's other medical records.  Another of Plaintiff's treating physicians, Dr. Jimmy Edmond, MD ("Dr. Edmond"), noted on several occasions between October 2014 and January 2018 that Plaintiff was either "doing well" or that she "feels good" and was "doing good" (Tr. 404, 408, 495, 548, 552).  Dr. Edmond stated Plaintiff had no back or neck pain during her appointments in March 2016, July 2016, November 2016, May 2017, and January 2018 (Tr. 401, 499, 505, 508, 548).  Dr. Azzam Muftah, MD ("Dr. Muftah"), regularly treated Plaintiff for colitis

---

[3] Plaintiff claims that Dr. Williams's opinion on her functional limitations is not inconsistent with his own medical notes because physicians do not normally include those limitations in their notes (Doc. 15 at 15).  Independently of whether Plaintiff's contention is true, the ALJ discounted Dr. William's functional limitations not because they were not stated in his medical notes, but because the medical findings contained in his notes did not support the severity of the stated limitations.

(Tr. 322–75, 449–69, 521–39).   While Dr. Muftah routinely noted that Plaintiff had chronic back pain, there was no record of neck pain (Tr. 449, 327).

Dr. Williams's opinion regarding Plaintiff's functional limitations also conflicts with Plaintiff's testimony.  Plaintiff testified the main reason she left her job at the bank was because of colitis (Tr. 84).  When Plaintiff's representative questioned the VE, no questions were asked regarding Plaintiff's neck and back pain (Tr. 93).   Rather, the questions focused solely on colitis (Tr. 93).  This comports with what Plaintiff told Dr. Muftah in January 2016—she was thinking of returning to work but was unsure she would be able to without being close to a restroom (Tr. 322).

Finally, Plaintiff's contention that the ALJ ignored numerous factors in 20 C.F.R. § 404.1527 is unfounded.  The ALJ does not need to "explicitly address each of those factors." *Lawton v. Comm'r of Soc. Sec*, 431 F. App'x 830, 833 (11th Cir. 2001).  There need only be one legally sufficient reason to reject a physician's opinion.  *D'Andrea v. Comm'r of Soc. Sec. Admin.*, 389 F. App'x 944, 948 (11th Cir. 2010) ("the ALJ articulated at least one specific reason for disregarding the opinion and the record supports it.").  Here, the ALJ gave a specific reason for rejecting Dr. Williams's functional limitations, which was a lack of consistency with the medical record (Tr. 18).  The Court cannot reweigh the evidence or substitute its own judgment for that of the ALJ.  Because substantial evidence supports the ALJ's decision to assign little weight to Dr. Williams's opinion regarding functional limitations, there is no error in the step four findings.

## V.    Conclusion

Accordingly, after consideration, it is hereby

ORDERED:

   1.  The decision of the Commissioner is affirmed.

   2.  The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

ORDERED in Tampa, Florida, on July 20, 2020.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE